USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 3/15/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES FOR THE MASON TENDERS
DISTRICT COUNCIL WELFARE FUND,
PENSION FUND, ANNUITY FUND, and
TRAINING PROGRAM FUND

and

ROBERT BONANZA, as business manager
of the MASON TENDERS DISTRICT
COUNCIL OF GREATER NEW YORK,

                  Petitioners,

v.

EARTH CONSTRUCTION CORP.,

                  Respondent.

No. 15-CV-3967 (RA)

OPINION AND ORDER

---

RONNIE ABRAMS, United States District Judge:

    Petitioners Trustees for the Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund, and Training Program Fund (the "Funds") and Robert Bonanza in his capacity as the business manager of the Mason Tenders District Council of Greater New York commenced this action on May 22, 2015, petitioning the Court to confirm and enforce an arbitration award entered against Respondent Earth Construction Corp.[1] Respondent has neither responded to Petitioners' confirmation action nor otherwise sought relief. For the reasons that follow, the petition to confirm the award is granted.

---

[1] Although Petitioners commenced this action by complaint, the Court construes their filing as a petition to confirm arbitration because Petitioners "met the notice requirements and have requested the appropriate relief for a petition . . . to confirm an arbitral award." *New York City Dist. Council of Carpenters Pension Fund v. Brookside Contracting Co.*, No. 07-CV-2583 (WHP), 2007 WL 3407065, at *1 n.1 (S.D.N.Y. Nov. 14, 2007).

## BACKGROUND

Respondent entered into two separate agreements with the Mason Tenders District Council of Greater New York ("MTDC"). First, as a member of the Building Contractors Association of New York, the Respondent entered into a Collective Bargaining Agreement (the "CBA") on July 1, 2010. Decl. of Haluk Savci ¶ 7 ("Decl."); Decl. Ex. 1 at 47 ("Ex. 1"). Second, Respondent entered into the New York City Construction Authority Project Labor Agreement (the "NYC CAPLA"). Decl. ¶ 7 (citing *id.* Ex. 1B ("Ex. 1B")).[2] Both the CBA and the NYC CAPLA bind Respondent to the terms and conditions of the trust agreements establishing the Funds (the "Trust Agreements"). Ex. 1 at 34; Ex. 1B at 32; Decl. Ex. 2 ("Ex. 2").

Among other things, the CBA and NYC CAPLA oblige Respondent to make certain contributions to the Funds, Decl. ¶ 9, furnish its books and records to the Funds upon request for auditing, *id.* ¶ 14, and abide by any "regulations or By-Laws adopted by the Funds' Trustees," *id.* ¶ 11; *see also* Ex. 1 at 30. Although at one time the CBA governed the arbitrability of the parties' disputes, a binding "amendment[] to [the] Trust Fund Agreements," Decl. ¶ 11, established the now applicable Arbitration Procedures and Rules Governing Audits and Delinquency Disputes (the "Arbitration Rules"), *id.* ¶¶ 14–15; *id.* Ex. 3 at 2 ("Ex. 3").

Pursuant to the CBA and NYC CAPLA, Petitioners conducted an audit of Respondent's books and records for the period from July 1, 2010 to December 26, 2012. The audit revealed that Respondent had failed to contribute the principal amount of $18,369.56 to the Funds in violation of the CBA and NYC CAPLA. Decl. Ex. 6 at 2 ("Ex. 6"). When Respondent failed to remit this delinquent sum to the Funds, Petitioners submitted the dispute to arbitration pursuant to the Arbitration Rules. Decl. ¶¶ 14–15. These rules provide:

---

[2] In his Declaration, Petitioners' counsel refers to the NYC CAPLA as "Ex. 1A." However, the relevant exhibit was labeled "Exhibit 1B" in Petitioners' filings, and, for clarity's sake, is referred to as "Ex. 1B" by the Court.

2

> Disputes may be referred to arbitration by the [Funds] by sending a written request for arbitration to the Neutral Arbitrator, with a copy to the employer. . . . The [arbitration] hearing shall begin promptly at the appointed time and shall proceed in the absence of any party or representative who, after due notice, fails to be present or fails to obtain a postponement. . . . The remedies that shall be awarded shall be those available pursuant to the Trust Agreement, relevant collective bargaining agreement and/or Section 502 of ERISA including interest, liquidated damages and attorneys' fees and costs. The award shall be final. . . . If the Neutral Arbitrator finds for the [Funds] with respect to any portion of the claim, the [Respondent] shall be liable for the Neutral Arbitrator's fees.

Ex. 3 at 2–5.

On April 2, 2014, the Funds sent Arbitrator Joseph A. Harris and Respondent a "Notice and Demand for Arbitration." Decl. ¶ 18; Ex. 6 at 1. On April 4, 2014, Arbitrator Harris "sent [Respondent] notice that the arbitration would take place on May 8, 2014" by "First Class mail." Ex. 6 at 2. At the hearing on May 8, 2014, Respondent did not appear and "the arbitration proceeded as a default hearing." *Id.* On May 24, 2014, the arbitrator issued his decision. *Id.*

"Based on the substantial and credible evidence that was presented," Arbitrator Harris concluded that (i) Respondent was bound by both the CBA and the NYC CAPLA, (ii) Petitioners adequately made a "demand for payment [by] USPS Certified Mail Receipts indicating delivery to [Respondent]," and (iii) Respondent owed to the Funds fringe benefits, dues, political action committee fees, current interest, and "[r]ate [d]ifferential." *Id.* at 1–2. The arbitrator thus awarded these delinquent contributions plus "ERISA Damages [of] 20% of [the] outstanding principal," interest for the period of August 1, 2009 to December 31, 2012, attorney's fees, and prorated arbitrator fees. *Id.* at 2. Relying on the uncontroverted evidence provided by the Petitioners, the arbitrator concluded that Respondent was liable to Petitioners in the aggregate amount of $26,755.26. *Id.*

When Respondent failed to comply with the arbitrator's decision, Petitioners brought this

action to confirm the arbitral award on May 22, 2015. On June 1, 2015, the Court informed the parties that, pursuant to *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95 (2d Cir. 2006), it would adjudicate this action as a petition for confirmation and directed Petitioners to submit additional supporting materials. On August 14, 2015, Petitioners filed a formal motion seeking "confirmation in all respects of the May 24, 2014 Default Opinion and Award of Arbitrator Joseph Harris and monetary judgment . . . in the liquidated amount of $26,755.26." Dkt. 10 at 1–2. To date, Respondent has not appeared in this case or otherwise responded to the petition.

## LEGAL STANDARD

The Federal Arbitration Act ("FAA") provides a "streamlined" procedure for a party seeking to confirm an arbitral award. *Hall Street Assocs. L.L.C. v. Mattell, Inc.*, 552 U.S. 576, 582 (2008). Typically, confirmation by a district court is a "summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair*, 462 F.3d at 110 (citing *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)). Yet "[a]rbitration awards are not self-enforcing." *Hoeft v. MVL Grp., Inc.*, 343 F.3d 57, 63 (2d Cir. 2003), *overruled on other grounds by Hall Street*, 552 U.S. 576. "Rather, 'they must be given force and effect by being converted to judicial orders by courts.'" *Primex Plastics Corp. v. TriEnda LLC*, No. 13-CV-321 (PAE), 2013 WL 1335633, at *2 (S.D.N.Y. April 3, 2013) (quoting *D.H. Blair*, 462 F.3d at 104).

A district court's review of an arbitral award is "extremely limited." *Rich v. Spartis*, 516 F.3d 75, 81 (2d Cir. 2008). The Second Circuit has "repeatedly recognized the strong deference appropriately due arbitral awards and the arbitral process, and has limited its review of arbitration awards in obeisance to that process." *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 138 (2d Cir. 2007); *see also Salzman v. KCD Fin., Inc.*, No. 11-CV-5865 (DLC), 2011 WL 6778499, at *2 (S.D.N.Y. Dec. 21, 2011); *NYKOOL A.B. v. Pac. Fruit Inc.*, No. 10-CV-3867

4

(LAK) (AJP), 2010 WL 4812975, at *5 (S.D.N.Y. Nov. 24, 2010) (collecting cases). Moreover, "the federal policy in favor of enforcing arbitration awards is particularly strong with respect to arbitration of labor disputes." *New York Hotel & Motel Trades Council, AFL–CIO v. Hotel St. George*, 988 F. Supp. 770, 774 (S.D.N.Y. 1997) (citing *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 37 (1987)). "'[A]n arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached.'" *Rich*, 516 F.3d at 81 (quoting *Landy Michaels Realty Corp. v. Local 32B–32J Serv. Employees Int'l*, 954 F.2d 794, 797 (2d Cir. 1992)) (internal quotation omitted). Ultimately, Courts in this circuit will vacate an arbitration award only if one of the four statutory bases enumerated in the FAA is violated. *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (citing *Hall Street*, 552 U.S. at 582).[3]

A district court should "treat an unanswered . . . petition to confirm [or] vacate as an unopposed motion for summary judgment" and base its judgment on the record. *D.H. Blair & Co.*, 462 F.3d at 110. Accordingly, Petitioners must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To determine if there are any genuine issues of material fact, the Court must view the facts "in the light most favorable" to the non-moving party, *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014), and "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought," *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly

---

[3] The FAA allows for vacatur in the following circumstances: "(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators . . . ; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a).

preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Even when the motion is unopposed, however, a court "'may not grant the motion without first examining the moving party's submission to determine if it has met its burden.'" *D.H. Blair*, 462 F.3d at 110 (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)); *see also Jackson v. Fed. Exp.*, 766 F.3d 189, 194 (2d Cir. 2014). If the moving party has not met its burden, "'summary judgment must be denied even if no opposing evidentiary matter is presented.'" *D.H. Blair*, 462 F.3d at 110 (quoting *Vt. Teddy Bear Co.*, 373 F.3d at 244) (emphasis omitted).

## DISCUSSION

On the record presented here, and applying the very limited review appropriate in this context, the Court concludes that Petitioners have met their burden of showing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Arbitrator Harris's decision reflects that he reached the judgment after reviewing the "substantial and credible evidence" submitted by Petitioners, which included the parties' agreements, the audit, and the live testimony of the Funds' representative. Ex. 6 at 1–2. Courts in this district have confirmed awards in similar circumstances. *Trustees of New York City Dist. Council of Carpenters Pension Fund v. Dejil Sys., Inc.*, No. 12-CV-005 (JMF), 2012 WL 3744802, at *3 (S.D.N.Y. Aug. 29, 2012) ("Although the Union has not presented this Court with copies of all the materials on which the arbitrator relied, there is no reason to doubt the arbitrator's interpretation of those materials."); *Trustees of the New York City Dist. Council of Carpenters Pension Fund v. Anthony Rivara Contracting, LLC*, No. 14-CV-1794 (PAE), 2014 WL 4369087 (S.D.N.Y. Sept. 3, 2014). Accordingly, the record before the Court reveals more than the required "barely colorable justification for the outcome reached." *Landy Michaels Realty Corp.*, 954 F.2d at 797.

## CONCLUSION

For these reasons, the petition to confirm the arbitral award is granted. The award is confirmed, and the Clerk of Court is directed to enter judgment in favor of Petitioners and against Respondent in the amount of $26,755.26. The Clerk of Court is also respectfully directed to close this case.

SO ORDERED.

Dated:    March 15, 2016
         New York, New York

                                           _____
                                           Ronnie Abrams
                                           United States District Judge